JOHN O'NEIL, APPELLANT, VS. ALEXANDER K. PERCIVAL ET UX., APPELLEES.

The statutes of this State relating to mechanic's liens, authorizing an executory contract to be followed by a personal judgment, do not embrace married women.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*John T. & Geo. U. Walker* for Appellant.

*A. W. Cockrell* for Appellees.

MR. JUSTICE WESTCOTT delivered the opinion of the Court.

This case arises upon a demurrer of Percival and wife to O'Neil's declaration under the mechanic's lien law, seeking the sale of a lot and a building thereon, the property of Mrs. Percival, to satisfy a debt due the firm of which he is sole surviving partner, for material furnished in the construction of such building, and for a judgment against her for the amount of the debt due.

The material grounds set up in this demurrer are, that the mechanic's lien law is not applicable to the separate statutory property of a married woman. In other words, that she cannot make an executory contract under this statute, as such contract, if enforceable, involves a personal judgment against her and she is not empowered specifically in the law to make such contract or thus bind her person and estate, and that the plaintiff's declaration does not set up with requisite certainty the nature of the contract, or that she was a party to it.

The statute, chapter 3042, act of March 7, 1877, provides that persons furnishing materials for the construction or repair of any buildings may have a lien upon the buildings, and on "the interest of the owner in the lot or land on which it stands" to the extent of the value of any labor done or materials furnished; that any person having such lien may enforce the same by bringing suit in any court of "competent jurisdiction of the amount claimed;" that in such action the issue shall be made up and tried as in other

cases; that the court may, by its judgment, direct a sale of the land for the satisfaction of the lien and costs, and that there may be judgment against the original debtor for the amount of the debt.

It has been held from an early date in this court, and indeed in the courts of nearly every State in the Union, that a statute authorizing in general terms an executory contract which can result in a personal judgment either at law or in equity, does not embrace a married woman unless such is the manifest clear intent of the Legislature. She must, at least, be given the general power to contract under some statute, either a general law giving this power or under the terms of the lien law. She is in no manner alluded to in this statute unless she is embraced in the term "owner." In the States where she has no general power to contract granted to her, or where she is not invested with the powers of a *feme sole*, to such extent mechanic's lien laws authorizing executory contracts of this character by the " owner " and attended by the results named are generally, if not uniformly, held not to give the power to a married woman to thus bind her estate. Here this law not only binds her estate, but authorizes a general, personal judgment without giving to a wife in terms or by necessary implication a general power to make a contract upon which to base such personal judgment. Even in equity in cases where relief is granted against the separate estate or separate statutory property of a married woman, and a charge upon it is established, the jurisdiction is exercised as a substitute for the power to contract, and while the charge is established against the *rem*, there is no decree or judgment against the person.

This court has repeatedly held that to enable a married woman to bind herself as this statute proposes to bind the " owner " of property, there must be something more than

the grant of a general power to persons to contract or to make a contract of a particular character. As we remarked in the case of Dollner, Potter & Co., 16 Fla., 96, when speaking of the statute enabling a wife to acquire property, real or personal, by purchase, "such a construction," that is, one making the *feme covert* liable at law for the purchase money of property acquired by purchase, "would manifestly extend the statutory provisions beyond the limits contemplated by the Legislature, and would overturn well established rules of law defining the rights of married women."

If the Legislature wishes to confer the power upon married women to make general contracts binding them to the extent of making them liable to personal judgments, it must do so. This statute does not go to this extent.

As a matter of course in what we have said we do not propose to determine the rights of this creditor when he seeks a court of equity as a forum in which to establish an equitable charge.

The judgment is affirmed.