KIRBY H. SMITH, SCOCIA M. SMITH, HIS WIFE, AND FRANK FIALA, APPELLANTS, VS. RHEES D. GAUBY AND DAVID W. BROWN, PARTNERS UNDER THE FIRM NAME AND STYLE OF GAUBY & BROWN, APPELLEES.

1. Mechanics and materialmen's liens provided for by Sections 1726 to 1749, Revised Statutes, do not apply to the separate statutory property of married women.

2. Section 2, Article XII, Constitution of 1885, providing that a married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits

Smith et al. v. Gauby et al.—Opinion of Court.

thereof sequestrated for the purchase money thereof or for labor and material used with her knowledge or assent in the construction of buildings or repairs or improvements upon her property does not create a lien upon the property to secure the demands named. It merely authorizes courts of equity to charge the property with the payment of such demands and until proceedings for that purpose are begun there is nothing in this section of the constitution or in any statute in force which denies to the  married woman the right to sell her property in the manner pointed out by other statutes permitting her to do so. If the sale is made in good faith with no intention of defrauding, hindering or delaying persons holding such demands, the property in the hands of the purchaser will not be liable to be charged with the payment of such demands.

3. Where a bill in equity alleges that the title to real property is in a  wife by deed executed to her, but does not allege that the property was purchased with the husband's money for his benefit, or that the deed declared a trust for his benefit, an allegation that the  deed was made to the wife as a matter of convenience to the husband and that he is the real and reputed owner of the property described therein, states a mere conclusion, and is insufficient to show that the wife holds the property as a trustee for the husband.


Appeal from the Circuit  Court for DeSoto County.

The facts of the case are stated in the opinion of the Court.

*Charles W. Forrester* for Appellants.

No appearance for Appellees.

CARTER, J.

It appears from the abstract that on August 1, 1895, appellees filed their bill against appellants in the Circuit Court of DeSoto county, alleging that on June 1, 1894,

appellees entered into a verbal contract with Kirby H. Smith to furnish labor and material for an addition to the dwelling-house on a certain lot hereinafter mentioned; that it was agreed by Kirby H. Smith and his wife Scocia M. Smith to pay appellees for same as much as it was reasonably worth; that in pursuance of the agreement appellees did between June 21 and December 15, 1894, perform their part of said contract: that same was reasonably worth $145.43; that said addition constituted a permanent and valuable improvement to the property described as Lot 26, Block 14, of Daughtry's addition to the town of Arcadia in said county; that at the time the title to said property vested in the wife, Scocia M. Smith, but that the deed was made to her as a matter of convenience to the husband, and that he was the real and reputed owner thereof; that said labor and material were furnished under the contract with the husband, but with the knowledge, assent and approval of the wife; that same was accepted by both of them when completed; that as the amount due remained unpaid on January 22nd, 1895, appellees filed a claim of lien against said property in the office of the clerk of the Circuit Court of said county, and that on February 20, 1895, Kirby H. Smith and Scocia M. Smith sold the property in question to defendant Frank Fiala who had due notice of the existence of the lien. The bill prayed that Kirby H. Smith and Scocia M. Smith be decreed to pay the amount due and that in default thereof that the property be sold and the proceeds be applied to the payment of the decree. Such proceedings were had subsequent to the filing of the bill that on November 30, 1895, a decree *pro. confesso* was entered against Kirby H. Smith and his wife Scocia

M. Smith, and subsequently, on December 2, 1895, decree *pro confesso* was entered against Frank Fiala. On December 9, 1895, upon motion of appellees, the cause was referred to a master to take testimony, and ascertain the amount due with costs and a reasonable attorney fee. The master having filed his report, the court on December 31, 1895, entered its decree to the effect that appellees are entitled to a lien as of date January 23, 1895, upon the real estate described in the bill for the sum of $157.06, principal and interest, and $28.30 costs; that appellants pay the sums mentioned, and in default thereof that the premises be sold by a master according to the rules and practice of the court. From this decree the present appeal was taken, and among other errors assigned, the propriety of this decree is questioned.

In O'Neil v. Percival, 20 Fla. 937, S. C. 51, Am. Rep 634, it was held that the mechanics lien law of 1877 (Chap. 3042) did not apply to the separate statutory property of married women. It is there said that it has been held from an early date in this court, and indeed in the courts of nearly every State in the Union, that a statute authorizing in general terms an executory contract which can result in a personal judgment either at law or in equity does not embrace a married woman, unless such is the manifest clear intent of the legislature; that she must at least be given the general power to contract under some statute—either a general law giving this power or under the terms of the lien law; that she was in no manner alluded to in the statute of 1877, unless she was embraced in the term "owner;" that in States where she has no general power to contract granted to her or where she is not invested with the power of a *feme*

*sole* to such extent, mechanics lien laws authorizing exe-
cutory contracts of this character by the "owner" and
attended by the results named, are generally, if not uni-
formly, held not to give the power to a married woman
to thus bind her estate; that the law of 1877, if held ap-
plicable to a married woman, would not only bind her
estate, but would authorize a personal judgment without
giving her in terms or by necessary implication a general
power to make a contract upon which to base such per-
sonal judgment, and that in order to enable a married
woman to bind herself as that statute proposed to bind
the "owner" of property, there must be something more
than the grant of a general power to persons to contract
or make a contract of a particular character. Under this
decision we are constrained to hold that the mechanics
and materialmen's liens provided for by sections 1726 to
1749 Revised Statutes, do not apply to the separate stat-
utory property of married women, and, therefore, the
decree in this case can not be sustained upon the theory
that appellees were entitled to foreclose a mechanics lien
given them by those sections for labor done and ma-
terials furnished in the erection of an addition to the res-
idence upon the separate statutory property of Scocia M.
Smith, a married woman. If Scocia M. Smith, though a
married woman, had remained the owner of the property
sought to be subjected to appellees demand, at the time
of filing the bill, perhaps the decree might be sustain-
ed, under those allegations of the bill which seek to
charge the property with payment of the demand, upon
the ground that it is due for labor and material used with
her knowledge and assent in the construction and re-
pair of buildings on her separate statutory real estate;

but the bill alleges that she had sold the property to Frank Fiala before it was filed, and we are of opinion that the property can not be subjected to such demand in the hands of one who in good faith purchases it prior to the institution of proceedings to charge it. Eckerly v. Mc-Ghee, 1 Pick. (Tenn.) 661, 4 S .W. Rep. 386.

Section 2 Article XII Constitution of 1885 provides that "a married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof or for * * * * labor and material used with her knowledge or assent in the construction of buildings or repairs or improvements upon her property" * * * . This section does not create a lien upon the property to secure the demands named. It merely authorizes courts of equity to charge the property with the payment of certain demands, and until proceedings for that purpose are begun, there is nothing in this section of the constitution nor in any statute in force which denies to the married woman the right to sell and convey her property, in the manner pointed out by other statutes permitting her so to do. If the sale and conveyance are made in good faith, that is with no intention of defrauding, hindering or delaying persons holding such demands, the property in the hands of the purchaser will not be liable to be charged with the payment of such demands. As appellees had no lien upon the property sought to be subjected at the time it was sold to Fiala, either under the mechanics lien law or any other statute, or under the section of the constitution quoted, his title was superior to their demand, and the court erred in deciding otherwise. The bill alleges that the title to the property was vested in the wife, Sco-

cia M. Smith, but that the deed was made to her as a matter of convenience to the husband, and that he was the real and reputed owner thereof. We are not prepared to say that if a married woman holds title to real estate as a mere naked trustee for her husband, that the property can not become the subject of a mechanics lien under the sections of the Revised Statutes referred to where labor is done and materials furnished in the erection of buildings on such property by the procurement of the husband and wife. But we are of the opinion that the allegations of this bill are not sufficient to show that the title to this property was held by the wife as a trustee of the husband. It is not alleged that by the terms of the conveyance to her she became a trustee for the husband, nor is it alleged that the property was purchased with the husband's money. The bill admits that the title to the property was in the wife, and in the absence of an allegation that it was purchased with the husband's money, or that the trust was declared in the conveyance, we must regard the allegation that the deed was made to the wife as a matter of convenience to the husband and that he was the real and reputed owner thereof, as a mere conclusion, and insufficient to show that she held the property in trust for her husband. The decree can not, therefore, be sustained upon the theory that the property was held in trust for the husband by the wife, and consequently the subject of a mechanics lien.

The remaining consignments of error need not be considered.

The decree of the Circuit Court is reversed and the cause remanded for further proceedings.