NELLIE H. MACFARLANE, GEORGE R. MACFARLANE AND J. H. DREW, *Appellants*, v. THE SOUTHERN LUMBER AND SUPPLY COMPANY, A CORPORATION, *Appellee*.

1. Sections 1726 to 1749, Revised Statutes of 1892, which provide for mechanics and materialmen's liens are not applicable to the separate property of married women.

2. A court of equity will not subject or charge the separate property of a married woman for the payment of claims for materials used in the construction of a building on such separate property when the material was not furnished to the married woman or to any one for her as her agent, and the building was erected by a contractor to whom the materials were furnished by the material man, and the contractor had been fully paid under the contract for such building before a claim was asserted against the married woman or her separate property.

3. The husband of a married woman as her agent made a contract for a stated amount with a contractor for the erection of a building on the separate property of the married woman; the materials used in the building were sold to the contractor; the contractor was paid in full for the building under the contract; neither the married woman nor her authorized agent ordered the material, or in any way made such married woman liable for the same, *Held*: that under these circumstances, and after a full settlement is made with the contractor, before a claim is asserted against the married woman for such material,

a court of equity will not subject or charge the separate property of such married woman for the materials.

4. Assignments of error not argued are treated as abandoned.

This case was decided by Division B.

Appeal from the Circuit Court from Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Macfarlane & Glen* and *M. B. Macfarlane* for appellants.

*C. C. Whitaker* for appellee.

WHITFIELD, J.—On February 21, 1901, the appellee filed a bill in chancery in the Circuit Court for Hillsborough county against the appellants to enforce a supposed statutory lien on certain real estate the separate property of Nellie H. Macfarlane, a married woman, for materials furnished in the year 1900, by complainant and used in the construction of a building on said separate estate. A demurrer to the bill was overruled. The defendants in their answer aver that Nellie H. Macfarlane contracted with J. H. Drew for the erction of the building on the land mentioned; that said J. H. Drew acted in the capacity of contractor and not as agent or employe of said Nellie H. Macfarlane; that Nellie H. Macfarlane did not at any time have any contract with complainant for furnishing building material or other things to be used in the construction and erection of said building, but that the same was contracted for by said J. H. Drew, acting for himself, in his personal capacity as an independent contractor, and not as agent or employe of Nellie H. Macfarlane; that no building material used in the erection of said building was furnished to J. H. Drew or George R. Macfarlane as agent or employe of Nellie H.

Macfarlane; that no such material was furnished to George R. Macfarlane either as agent of Nellie H. Macfarlane or in any capacity whatsoever; that complainant furnished building material to be used in the construction of said building from about April 23, 1900, until about August 1, 1900; that on or about August 1st, 1900, the defendants Nellie H. Macfarlane and George R. Macfarlane, her husband, made final settlement with J. H. Drew for the construction of said building, and thereupon took possession of said building as a dwelling-house; that no demand was made for money alleged to be due complainant for such material until long after the completion of the building, and long after final settlement with J. H. Drew as contractor. A general replication to the answer was filed and the cause was referred by the court to a master to take testimony and to find questions of fact as well as of law, and to report to the court. The master reported that complainant furnished building material to J. H. Drew, as contractor, in erecting the building on certain land, the title to which is vested in Nellie H. Macfarlane, and that complainant is entitled to a lien upon said property for the materials so furnished in the improvement of the same in the fees and $60.84 costs; and that the complainant is entitled to recover a decree personally against J. H. Drew for $678.63.

This report was excepted to by defendants on grounds relating to the amounts found due complainant and to the propriety of admitting in evidence certain alleged receipts for material delivered by complainant.

On September 9, 1903, in the absence from the State of the Judge of the Sixth Judicial Circuit, the judge of the Eighth Judicial Circuit rendered a decree in which the exceptions to the master's report were overruled and the report ratified and confirmed. It was further decreed that complainant do have and maintain a lien upon the described land in the sum of $678.63 for lumber and building

material furnished by the complainant to the defendant J. H. Drew as contractor in the building and erecting the dwelling-house on said property; that in default of the payment of said sum in ten days, that said property be sold at public outcry to satisfy and discharge said lien; and that Nellie H. Macfarlane and those claiming under her to be barred and divested of all right, title or interest whatsoever in and to said property. It was also decreed that complainant recover $678.65 against J. H. Drew, and that execution issue therefor. From this decree an appeal was taken by all the defendants to the present term of this court.

The assignments of error challenge the sufficiency of the bill for the relief sought and the propriety of the decree.

In the case of *Smith v. Gauby*, 43 Fla. 142, 30 South. Rep. 683, this court held that the mechanics and material men's liens provided for by sections 1726 to 1749 Revised Statutes of 1892, do not apply to the separate property of married women. As the mentioned sections had not been amended so as to make them applicable to the separate property of married women when the materials in this case were furnished, the bill here can not be sustained on the theory of enforcing a statutory lien for such materials.

Treating the allegations of the bill here as being sufficient, if proven, to sustain a decree to subject or charge the separate property of Nellie H. Macfarlane, a married woman, for materials used with her knowledge or assent in the construction of a building or improvements upon her separate property, the proofs do not show that such materials were bought from the complainant by the said Nellie H. Macfarlane, or by her authorized agent. The proofs show that George R. Macfarlane, acting as agent for Nellie H. Macfarlane, his wife, made a contract for a stated amount with J. H. Drew as contractor for the erection of a building on the separate property of Nellie H. Macfarlane. It is shown that the materials were sold to J. H. Drew, the contractor, and delivered to him or his agents or employes, and he is shown to have been a con-

tractor and not an agent for Nellie H. Macfarlane. It is not shown that Nellie H. Macfarlane or her agent had any contract, agreement or understanding with complainant, directly or indirectly, for the purchase or use of the materials in question, nor that she or her husband assumed any liability therefor. It is not shown that the material was delivered to Nellie H. Macfarlane, or to any one for her. It is shown that J. H. Drew erected the building as contractor and not as agent, and that he had been paid in full for the same before any claim against Nellie H. Macfarlane or her separate property was made by the complainant.

Under the circumstances of this case we hold that the complainant can not subject or charge the separate property of Nellie H. Macfarlane for the materials furnished by complainant to J. H. Drew the contractor, for which the contractor was paid in full, by Nellie H. Macfarlane as shown by the proofs here.

J. H. Drew separately assigns as error that the court erred in rendering judgment against him for the sum of $678.65, or any amount, on the ground that there was no warrant in law or equity for the entry of such judgment. This assignment is not argued, and is, therefore, treated as abandoned.

The decree as to Nellie H. Macfarlane and George R. Macfarlane is reversed, and the cause is remanded, with directions that the bill be dismissed as to them.

CARTER, P. J., and SHACKLEFORD, J., concur.

TAYLOR, C. J., and HOCKER and COCKRELL, JJ., concur in the opinion.