THE M. J. HOFFMAN CONSTRUCTION COMPANY, a corporation, *Appellant,* v. MRS. MARY WARD, JOHN A. WARD, her husband, and THE DADE COUNTY SECURITY COMPANY, a corporation, *Appellees.*

Division A.

Opinion filed April 13, 1929.

*Harry T. Dolan* for Appellant;

*Twyman & McCarthy* and *Walsh, Beckman, Farley & Ellis,* for Appellees.

ELLIS, J.—M. J. Hoffman Construction Company, a foreign corporation doing business in Florida, exhibited its bill in chancery to subject a married woman's separate statutory property, consisting of a lot in Beacon Manor in Dade County and the improvements thereon, to the pay-

ment of a claim for labor and materials furnished in the construction of the building.

The defendants named are Mrs. Mary Ward, the owner of the lot, her husband John Ward and Dade County Security Company. The latter holds a mortgage upon the property executed by Mrs. Ward and husband to secure a loan of about $35,000.00 obtained with the construction company's knowledge and to enable Mrs. Ward to pay for the construction of the building for the erection of which she entered into a contract with the complainant and which sum of $35,000.00 the construction company received as the labor upon the building progressed. The security company answered and so did Mrs. Ward and her husband.

Testimony was taken before a special master who submitted his report with the testimony taken before him. Exceptions by the complainant to the report were overruled and the master's report was approved. The chancellor decreed that the complainant had an equitable lien against the land described in the bill in the sum of $18,908.14 together with interest from May 25, 1927, and that the lien is subordinate to the lien of the mortgage held by the Dade County Security Company. The defendants were ordered to pay the amount found to be due within three days and in default thereof that the property be sold subject to the lien of the mortgage in the sum of $35,000.00 with accrued interest.

From that decree the Hoffman Construction Company appealed.

A married woman's estate may be charged in equity for a demand arising from the furnishing by one of labor and materials on her separate property under her contract. See Nutt v. Codington, 34 Fla. 77, 15 So. R. 667; Sec. 2, Art. XI, Const.; Micou et al. v. McDonald, 55 Fla. 776, 46 So. R. 291; O'Neil v. Percival, 20 Fla. 937, 51 Am. R. 634;

Smith v. Gauby, 43 Fla. 142, 30 So. R. 683; McFarlane v. Southern Lumber & Supply Co., 47 Fla. 271, 36 So. R. 1029.

The bill presents a claim for the price of labor and materials bestowed and used upon Mrs. Ward's property by the complainant with her knowledge and consent. The contract between Mrs. Ward and the construction company was dated September 2, 1925, the construction company agreeing to assist Mrs. Ward in securing a first mortgage loan or bond issue on said building for as much money as possible. The mortgage was executed on the 5th day of October, 1925. The evidence amply justified the chancellor in finding that the loan to Mrs. Ward, which was secured by her mortgage to the security company, was obtained for the purpose of enabling her to pay for the labor and materials as the same were furnished by the construction company; that the company had knowledge of the loan, aided Mrs. Ward in procuring it, received the money obtained by such loan and knew that the mortgage was to be a first lien upon the property.

The pleadings and the evidence in the case render the propriety of a decree for the complainant in the sum of $18,908.14 as a balance due upon the contract for the collection of which the complainant might enforce an equitable lien against Mrs. Ward's estate very doubtful even though it is made subject to the mortgage of the security company.

No definite amount was agreed upon as to the cost of the building but the contractor agreed to erect it as economically and as rapidly as conditions would permit. There was much testimony from which it might have been inferred that the contractor did not carry on the work as economically and as rapidly as conditions permitted within the reasonable interpretation of that clause but on the other

hand that he proceeded as if he had unlimited authority to alter the plans, ignore the specifications, run up the costs of construction and delay the finishing of the building as it suited his convenience. The contractor's construction of the phrase ''erect the building as economically and as rapidly as conditions would permit'' seems to have been foreign to the purpose and intent of the parties when the contract was made and the loan procured to pay for the construction.

A careful examination of the record discloses no error in the decree in so far as it establishes the superiority of the mortgage loan.

The decree should not be reversed on questions of fact unless clearly shown to be erroneous. See Cobb v. Cobb, 82 Fla. 287, 89 So. R. 869; Lasseter v. Long, 85 Fla. 439, 96 So. R. 841; Palm Beach Bank & Trust Co., v. Lainhart, 84 Fla. 662, 95 So. R. 122; Whidden v. Rogers, 78 Fla. 93, 82 So. R. 611.

The decree is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.