HOFFMAN v. WHEAT et al.

In re ADAIR & SENTER, Inc.

Circuit Court of Appeals, Fifth Circuit.
January 13, 1930.

No. 5568.

Winfield P. Jones and Edgar Watkins, both of Atlanta, Ga., and H. C. Tillman, of Tampa, Fla. (John B. Sutton, of Tampa, Fla., on the brief), for appellant.

Daniel MacDougald and Haines H. Hargrett, both of Atlanta, Ga., and John C. Cooper, Jr., of Jacksonville, Fla. (Spalding, MacDougald & Sibley, of Atlanta, Ga., and Cooper, Knight, Adair, Cooper & Osborne, of Jacksonville, Fla., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This was a suit to foreclose a mortgage on a part of a city lot in Sarasota, Fla., on which there was also a lien for labor and materials furnished by a contractor in the erection of a building. The final decree of foreclosure allowed both liens, but adjudged the lien of the mortgage to be superior to that of the contractor. This appeal is taken by the trustee in bankruptcy of the contractor, on the ground that the lien for labor and materials is superior to the lien of the mortgage.

The contractor, Adair & Senter, Inc., being the owner of the land involved, made an offer to certain directors and stockholders of the American National Bank of Sarasota to sell it for $120,000 cash to a corporation to be organized by them, and to erect an office building on it. That offer was accepted. A

new corporation, known as the American National Company, was organized. On September 8, 1925, it paid the purchase price of $120,000, which it received from stockholders in exchange for capital stock, and took a deed from Adair & Senter. On the same day, with the knowledge of Adair & Senter, the American National Company entered into a contract with the Adair Realty & Trust Company, by which it was agreed that an office building to cost not less than $325,000 should be erected and that a mortgage should be given to secure a bond issue of $350,000, which would net $308,000 after the deduction of commissions and expenses. It was agreed that the mortgage should be a first lien and that the completion of the building would be guaranteed by the American National Company and·five named directors and stockholders.

Adair & Senter understood, from the time they made their original proposal, that the building would be of the kind described in the mortgage, and that the proceeds of the bond issue would be used exclusively toward payment of the cost of erecting the building. It was not expected that such proceeds would be sufficient to pay the entire cost, but it was their understanding that, after the exhaustion of the proceeds from the bond issue, they would have to look to some other source for the remainder of such cost. Pursuant to these agreements the contract between the American National Company and Adair & Senter for the erection of the building was entered into on September 29, 1925, and the mortgage to secure the bond issue was dated November 20, 1925.

The Adair Realty & Trust Company sold the bonds to the public and paid the net proceeds to Adair & Senter, to be applied upon the cost of the building. After these proceeds were so applied, there was a balance of $145,000 due under the construction contract. Forest Adair, Jr., was vice president of both Adair & Senter and the Adair Realty & Trust Company. In behalf of the company to be bound, he executed the building contract and the contract which provided for the issuance of bonds.

The two contracts last mentioned were parts of the same transaction. It may be assumed, and doubtless it is true, that, except for the understanding and agreement of the parties, the contractor's lien on the building would be prior to the lien of the mortgage. But in our opinion the contractor's agreement to accept the proceeds of the mortgage in part payment and to rely on some other source for the balance constituted a waiver of its lien to the extent of the amount due under the mortgage.

Adair represented both the contractor and the trust company, and through him the contractor had knowledge of and consented to the agreement which provided that the mortgage should be a first lien. It clearly was the intention of the contractor to recognize the mortgage as a first lien, and rely on the guaranty of the American National Company and certain of its directors and stockholders for the payment of any part of the cost of the building which should be in excess of the net amount realized from the bond issue. In view of the contract relations between Adair & Senter and the Adair Realty & Trust Company, it becomes immaterial that the building contract antedated the mortgage. Union Terminal Co. v. Turner Construction Co. (C. C. A.) 247 F. 727; Hoffman Construction Co. v. Ward (Fla.) 121 So. 800.

The decree is affirmed.