S. L. FULGHUM, trading and doing business as C. A. Fulghum, v. MRS. SUSAN DENO, joined by her husband, JOSEPH DENO, *Appellees*.

146 So. 672.

Opinion filed March 7, 1933.

*Boone & Kirchnik,* for Appellant;

*Richard H. Hunt,* for Appellees;

*David B. Newsom,* as *amicus curiae.*

BUFORD, J.—In this case the plaintiff in error filed suit on May 12, 1927, to subject a married woman's separate property to the payment for labor and material furnished by the complainant under a contract with the married woman on and before November 3, 1925.

The court below dismissed the bill of complaint on several grounds. Amongst others was the following:

"That this suit was not instituted within the time prescribed by Section 4551 of the Compiled General Laws of 1927, for the bringing of suits to enforce the rights of parties performing labor upon or furnishing materials used

in or upon the separate statutory property of a married woman, and while the bill seeks to excuse the delay in instituting this suit by alleging that complainant did not know that the defendant was a married woman until on or about the month of April, 1926, when a Plea in Abatement was filed in a Common Law Action brought against the defendant, yet the complainant, by his own testimony, in answer to direct interrogatory No. 2, shows that he had knowledge of the fact that defendant was a married woman in October, 1925, and said allegations of the bill are also contradicted by complainant's answer to cross interrogatory No. 18."

This was a sufficient ground upon which to base the order dismissing the bill under the law as contracted by this' Court in the case of Pierson v. Rinehardt, opinion filed April 14, 1931, reported in 133 Sou. 553; also 136 Sou. 251. Solomon v. Galinsky, filed November 4, 1931, reported in 137 Sou 386.

In the latter case some effort had been made to comply with the statute in regard to the filing of the notice, but the notice did not comply with the requirements of Section 2854 R. G. S., 4551 C. G. L., and in that case the Court re-affirmed what was said in Pierson v. Rinehardt, *supra,* that is:

"The above mentioned provisions of the statute are not in conflict with the organic law, but provide a definite method for the application of the organic law in such cases."

In the case of Solomon v. Galinsky, *supra,* there was no question of intervening purchasers or creditors. The suit was between the material man and the married woman owner of the property, which conditions also obtain in the case at bar.

Whether or not the provisions of the statute here involved are wise and salutary is a matter for legislative determination and is a question which the courts are not called upon to determine. The Legislature by the Act above referred to has fixed the period of time within which suit must be instituted and has prescribed the procedure which must be followed by material men when seeking to charge the separate property of a married woman with the payment for labor and materials furnished upon the property sought to be subjected thereto. Pierson v. Rinehardt, *supra*.

For the reasons stated, the decree should be affirmed and it is so ordered.

Affirmed.

Davis, C. J., Whitfield and Terrell, J. J., concur.

Brown, J., dissents.

Whitfield, J., (Concurring).—Section 4551 (2854) C. G. L. is by its terms applicable only whenever any person, persons or corporations shall have performed any labor upon or furnished any material used or to be used upon the separate statutory property of any married woman in this State, with her knowledge or assent or pursuant to a contract in writing with her, in the construction of buildings or repairs or improvements upon her separate statutory property. The right in' the nature of a lien given by the statute, Section 4551, upon compliance with its terms, is confined to "the property upon which the improvements or repairs have been or are to be made." Such statutory provisions do not conflict with, but are in accord with the particular right conferred by a portion of Section 2, Article XI, of the Constitution, to charge in equity the separate property of a married woman "for labor and material used with her knowledge or assent in the construction of build-

ings, or repairs or improvements upon her property." Section 4551 (2854) C. G. L. being appropriate "to carry into effect" the quoted organic provision of Section 2, Article XI, of the Constitution, it is *pro tanto* a compliance with the mandate of Section 3, Article XI, that "The Legislature shall enact such laws as shall be necessary to carry into effect this article." The provision of the statute that anyone *may* file and have recorded a notice of the performance of labor or the furnishing of materials used or to be used in making improvements upon the separate property of a married woman with her knowledge or assent, does not impair the organic right to charge such property in equity for such labor and materials so used; but the statutory provision is a reasonable and appropriate regulation enacted under Section 2, Article XI.

Section 2, Article XI, Constitution, gives merely a right to charge in equity the separate property of a married woman for the specified demands; and until a decree is obtained charging the property, there is no organic or judicial lien on the property for the demands against it under the provisions of the organic section.

The statute authorizes a right in the nature of a lien to be acquired upon the separate property of a married woman, in the class of cases stated in the statute, upon compliance with its terms. Such statutory right to a lien does not enlarge or reduce the organic right to charge the property in equity; but the statute serves to make the organic right effective by affording a lien on the separate property of a married woman upon the due filing of a prescribed notice of the furnishing of labor or material with her knowledge or assent, for improvements upon such property, prior to the proceedings in equity to charge the property for the labor and material so furnished, thereby making effective

the organic right to charge the property in equity "for labor and material used with her knowledge or assent in the construction of buildings, or repairs or improvements upon her property," as is contemplated by Section 2 of Article XI of the Constitution.

The statutory provision that "suits in equity to enforce the rights of parties performing labor or furnishing materials as provided for herein, must be brought within twelve months from the filing of notice of lien," does not impair the organic right to charge the property in equity, since it is within the province of a statute to prescribe limitations for enforcing organic rights, when a limitation is not stated, in the Constitution. The limitation of one year is reasonable and accords with the statutory limitations in other similar cases. See Section 5393 (3530) C. G. L.

Even if the filing of the notice provided by Section 4551 (2854) C. G. L. is not a prerequisite to a suit, a purpose of the statute, in additition to authorizing the filing of a "notice of lien," is to require suits to subject the separate property of a married woman for labor or material used with her knowledge or assent in improvements made on the property, to be brought within twelve months, in analogy to similar suits against other persons under the laborer and material men's lien statutes. The right to a personal judgment against others than married woman in such cases affords no reason for allowing suits to subject the separate property of married women for labor and material furnished with her knowledge or assent for improvements on her separate property, to be brought after similar suits against other persons are barred by statute.

In Pierson v. Rinehardt, 133 So. 553, 136 So. 250, the suit to subject the separate property of a married woman for material furnished by complainant under a contract with

the married woman and used in a building on her property. was instituted more than two years after the material was furnished and more than two years after the time within which a notice of the furnishing of the material could have been filed under the statute. There was *laches* as well as statutory bar.

In Solomon v. Galinsky, 137 So. 386, the suit was brought December 21, 1925, to enforce a lien on property of husband and wife under the general material man's and laborer's lien statutes. In March, 1929, the bill of complaint was amended to allege that the property had been conveyed to the wife before suit was begun in 1925, leaving the suit in effect one to enforce against the married woman's property an attempted statutory lien that was not duly obtained, even if the amendment did not make a new cause of action that was barred by the statutory limitation and by *laches*.

In Hoffman v. Ward, 97 Fla. 530, 21 So. 800, the suit was brought within twelve months from the furnishing of the materials, to charge in equity the separate property of a married woman for materials used in improvements on the property, and no question was raised as to the filing of the notice authorized by Section 4551 (2854) C. G. L.

In this case the labor and material were furnished on or before November 3, 1925. The three months in which a "notice of lien" could legally have been filed expired February 3, 1926. The bill of complaint was filed May 12, 1927, more than twelve months after the labor and material were completely furnished and more than twelve months after a notice of lien could have been filed under the statute.

The suit is barred by the intent of the statute and by *laches*.

DAVIS, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN, J. (Dissenting).—I regret that I am compelled to dissent in this case. My views on the questions presented are sufficiently indicated by my opinion in Pierson v. Reinhardt, 101 Fla. 1392, 1395, 135 So. 250, and Solomon v. Galinsky, 137 So. 386, 387. There are certain other reasons presented in the briefs filed in this case which also appeal to me very strongly, but those already expressed by me in the opinions above cited are sufficient, to my mind, to require a reversal of this case.