H. G. Henley and David Arbuckle, trading and doing business under the name and style of Henley & Arbuckle, v. Evelyn Guthrie, *et vir*.

154 So. 243.
Opinion Filed April 16, 1934.

*David B. Newsom* and *A. N. Spence,* for Appellants;
*R. A. Johnston,* for Appellees.

Davs, C. J.—This was a bill of complaint filed for the purpose of charging a married woman's separate statutory property for work done and materials furnished thereon prior to October, 1927. The bill in the present case was not filed until August 27, 1930, and shows that no notice of lien was filed, nor suit instituted in accordance with the provisions of Section 4551, C. G .L., 2854, R. G. S., so the proposition required to be decided is whether or not Section 2 of Article XI of the Constitution of this State authorizes a suit to be maintained against a married woman for work done and materials furnished in and about the erection and completion of a building on the separate statutory property of such married woman, where the real estate described in the bill and sought to be charged for the value of such work and materials is the property upon which the building or improvement was constructed.

Section 4551, C. G. L., *supra,* reads as follows:

"Whenever any person, persons or corporations shall have performed any labor upon or furnished any material used

or to be used upon the separate statutory property of any married woman in this State, with her knowledge or assent or pursuant to a contract in writing with her, in the construction of buildings or repairs or improvements upon her separate statutory property, such person, persons or corporation so performing labor or furnishing said materials may at any time subsequent to the performance of the labor or the furnishing of the materials, or after the making of a contract in writing therefor with said married woman for the construction or repair of said buildings, or improvements upon her separate statutory property, file in the office of the clerk of the circuit court, and have recorded in the record of liens required to be kept by said clerk, in the county in which the land is located, a notice of the performance of such labor or of the furnishing of such materials, or of the contract for the construction or repair of said buildings or improvements—the form of notice being hereinafter provided—and from the date of filing of such notice the rights of all persons performing labor or furnishing materials, or purchasing or dealing with the property of said married woman, upon which said construction, improvements or repairs are made, or are to be made, shall be subject and subordinate to the claim set out in said notice.

"The notice provided for in this section shall be substantially as follows: It shall be in writing and shall be sworn to by the person filing the same, or his agent. It shall state the name of the owner of said property, the nature and character of the improvements or repairs and the value thereof, and it shall also contain a description of the property upon which the improvements or repairs have been or are to be made. The notice of lien herein provided for may be filed prior to the filing of the bill of complaint and must be filed within three months after the entire per-

formance of the labor or the entire furnishing of the materials; Provided that nothing herein shall prevent the filing of such notice at any time after a contract in writing has been entered into therefor. Suit in equity to enforce the rights of parties performing labor or furnishing materials as provided for herein, must be brought within twelve months from the filing of notice of lien. (Ch. 6926, Acts 1915, Secs. 1-3; Ch. 9301, Acts 1925, Sec. 1.)"

Sections 2 and 3 of Article XI of the Constitution read as follows:

"Section 2: A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements, upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent.

"Section 3: The Legislature shall enact such laws as shall be necessary to carry into effect this article."

In our most recent case of Fulgham v. Deno, 108 Fla. 594, 146 Sou. Rep. 672, the law on the subject of charging in equity and selling a married woman's separate statutory property for labor and materials bestowed upon it in the erection of a building thereon, was completely reviewed. And it was therein held that Section 4551, C. G. L., 2854, R. G. S., was an appropriate enactment under Sections 2 and 3 of Article XI of the Constitution of this State so that compliance with the statute was required to enable the party furnishing such labor and materials to maintain a suit in equity to "charge and sell" a married woman's sep-

arate statutory property for the labor and materials used upon a married woman's separate statutory property with such married woman's knowledge and consent in the erection of buildings, etc., on such property.

In the present case the statute of 1923 was admittedly not followed. The married woman's property involved in this suit is the precise property upon which the labor and materials, whose value is sued for in this case, is alleged to have been bestowed in the erection on such property of a building that has not been paid for. So if the statute (Section 4551, C. G. L., *supra*) is valid, as we have held that it is, complainants' claim has been barred because of complainants' failure to bring their suit within twelve months as that statute requires. The demurrer to complainants' bill raised this point. So there was no error in sustaining such demurrer and dismissing the bill. The decree is accordingly affirmed on the authority of Fulgham v. Deno, 108 Fla. 594, 146 Sou. Rep. 672, and cases therein cited.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.