### ADAIR REALTY & TRUST CO. et al. v. GLOBE INDEMNITY CO.

No. 7638.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1935.

Winfield P. Jones and T. B. Higdon, both of Atlanta, Ga., for appellants.

Dan MacDougald, of Atlanta, Ga., for appellee.

Before HUTCHESON and WALKER, Circuit Judges, and HOLMES, District Judge.

HOLMES, District Judge.

The appellant, Adair Realty & Trust Company, for the use of certain laborers and materialmen, sued the Globe Indemnity Company, as surety upon a common-law bond, to recover for labor and materials furnished the American National Company, principal in said bond (hereinafter called owner). The obligee in the bond was the purchaser from the owner of certain first mortgage bonds, the proceeds of which were to be used to erect on land of the owner a large office and bank building in Sarasota, Fla. The contractor, another corporation, acted solely as agent of the owner in the construction of the building, receiving for its services 10 per cent. of the total cost of the labor, material, and equipment which went into the building. The District Court sustained a general demurrer to the petition of appellant and dismissed its suit. Its action on the demurrer is assigned as error, and presents the sole question for decision, which is whether the bond sued upon was made for the protection of the materialmen and laborers on the job.

The bond recites that the principal and surety are held and firmly bound unto the Adair Realty Company in the sum of $325,000, and further contains the following pertinent recitals and conditions:

"Whereas, the Principal has entered into a written contract dated the 29th day of September, 1925, with Adair and Senter, Incorporated, a corporation, to erect and build for the owner on certain land owned by said owner on Southwest corner of Palm Avenue and Main Street in the City and County of Sarasota, Florida, a nine-story office and bank building in a substantial and workmanlike manner in accordance with the plans and specifications provided therefor by Pringle and Smith, Architects.

"Now, Therefore, The Condition Of This Obligation Is Such, that if the said American National Company shall indemnify the said Adair Realty and Trust Company against any direct loss caused by the failure of the said Principal to cause said building to be erected then this obligation shall be void; otherwise, to remain in full force and effect."

It appears from an inspection of the bond and the allegations in the petition that the obligee in the bond was not the owner, but was the purchaser of the first mortgage bonds of the owner, which bonds the owner had contracted should be a first lien upon the completed building, the equipment therein, and the income therefrom superior to all other liens; that the obligee purchased and resold the bonds under its unconditional guaranty of payment of principal and interest when due. The materialmen and laborers were not named in the bond. The obligation to pay them was that of the owner. There was no such obligation on the part of the Adair Realty Company, the only obligee of the surety. The latter company was interested solely in the completion of the building as additional security for the payment of the mortgage bonds. The usees are making no claims as holders or purchasers of the mortgage bonds, but their claims are based solely upon the fact that they furnished labor and material to the owner, for which they have not been paid, and to secure which they hold a lien inferior to the deed of trust securing the mortgage bonds. The priority of these liens was determined in Hoffman v. Wheat (C.C.A.) 37 F.(2d) 93. The laborers and materialmen have no claim against the Adair Realty Company, have never asserted any, and are not asserting any now.

From the facts admitted by the demurrer, we are of the opinion that the bond in suit was an agreement to indemnify the obligee "against any direct loss caused by the failure of the said principal to cause said building to be erected," and not to pay the debts incurred by the owner for labor and material used in erecting the building. There are no provisions in the bond sufficient to indicate an intention contrary to the express conditions therein that the defendant would indemnify the Adair Realty & Trust Company, and it alone, against any direct loss. Wilson v. Towers (C.C.A.) 55 F.(2d) 199, 200. As it does not appear that this company has suffered any loss arising out of the failure to erect the building or otherwise, but, on the other hand, affirmatively appears that the building was completed and the mortgage securing the bonds is a first lien there-

**514**

on, it is clear that the petition sets forth no cause of action.

The judgment sustaining the demurrer is affirmed.