MINNIE L. ATKINS, also known as MINNIE LEE ATKINS, *et vir*, v. W. H. KENDRICK.

190 Sou. 248
Division A
Opinion Filed June 30, 1939

*Carlton C. Arnow,* for Petitioner;
*John W. Lee,* for Respondent.

BUFORD, J.—This case is before us on petition for writ of certiorari to review an interlocutory order of the Circuit Court of the Fourth Judicial Circuit of Florida for Duval County, denying motion to dismiss bill of complaint.

The complainant filed a suit in equity in Duval County seeking to foreclose an alleged lien upon the separate statutory property of a married woman alleging that the defendant Minnie Lee Atkins, joined by her husband William C. Atkins, entered into a contract with the complainant to furnish all material and construct a building on the property described in the bill of complaint, which property was the separate statutory property of the defendant Minne Lee Atkins. The bill alleged that the contract was made and entered into on June 11, 1937, and that the contract was completed with certain agreed changes prior to the 14th day of December, 1937, and on that date the complainant filed his notice of lien at the office of the Clerk of the Circuit Court of Duval County.

The bill of complaint was filed on December 13, 1938.

A motion to dismiss the bill of complaint is predicated upon the complainant's failure to comply with the provisions of Chapter 17097, Acts of 1935, commonly known as the Uniform Mechanics' and Materialman's Lien Act of this State.

Chapter 17097, Acts of 1935, to be cited as "Uniform Mechanics' Lien Act,' like Section 5349 (3495), *et seq.,* C. G. L., applied to statutory mechanics' and laborers' liens

pursuant to the command of Section 22, Article XVI, Constitution of 1885, that: "The Legislature shall provide for giving to mechanics and laborers an adequate lien on subject matter of their labor." See Macfarlane v. So. Lumber & Supply Co., 47 Fla. 271, 36 Sou. 1029. And such statute has no relation to Section 2, Article XI of the Constitution.

Section 2 of Article XI of our Constitution provides as follows:

"Section 2. A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof, or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction or buildings, or repairs, or improvements upon her property, or for agricultural or other labor, bestowed thereon, with her knowledge and consent."

As to enforcing the last quoted organic provision, see Section 4551 (2854) C. G. L.; Pierson v. Reinhardt, 101 Fla. 1392, 133 Sou. 553; Tallahassee Variety Wks. v. Brown, 106 Fla. 599, 138 Sou. 759, 144 Sou. 848; Agin v. G. P. & C. Co., 80 Fla. 679, 87 Sou. 63; Smith v. Gauby, 43 Fla. 142, 30 So. 683; Salomon v. Galinsky, 103 Fla. 417, 137 Sou. 386; Fulghum v. Deno, 108 Fla. 594, 146 Sou. 672; Henley v. Guthrie, 114 Fla. 541, 154 Sou. 243; St. Petersburg Lumber Co. v. Risley, 127 Fla. 658, 173 Sou. 832; Cox v. Rieck, 129 Fla. 872, 177 Sou. 301.

This provision of the Constitution does not create a lien but only provides that a married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for * * * labor and material used with her knowledge or assent in

the construction of buildings or repairs or improvements on her property.

Section 2854 R. G. S., 4551 C. G. L., is as follows:

"Whenever any person, persons or corporations shall have performed any labor upon or furnished any material used or to be used upon the separate statutory property of any married woman in this State with her knowledge or assent or pursuant to a contract in writing with her, in the construction of buildings or repairs or improvements upon her separate statutory property, such person, persons or corporation so performing labor or furnishing said materials may at any time subsequent to the performance of the labor or the furnishing of the materials, or after the making of a contract in writing therefor with said married woman for the construction or repair of said buildings or improvements upon her separate statutory property, file in the office of the Clerk of the Circuit Court, and have recorded in the record of liens required to be kept by said Clerk in the county in which the land is located, a notice of the performance of such labor or of the furnishing of such materials, or of the contract for the construction or repair of such buildings or improvements—the form of notice being hereinafter provided—and from the date of filing of such notice the rights of all persons, performing labor or furnishing materials, or purchasing or dealing with the property of said married woman, upon which said construction, improvements or repairs are made, or are to be made, shall be subject and subordinate to the claim set out in said notice.

"The notice provided for in this section shall be substantially as follows:

"It shall be in writing and shall be sworn to by the person filing the same, or his agent. It shall state the name of the owner of said property, the nature and character of the improvements or repairs and the value thereof, and it shall

also contain a description of the property upon which the improvements or repairs have been or are to be made.

"The notice of lien herein provided for may be filed prior to the filing of the bill of complaint and must be filed within three months after the entire performance of the labor or the entire furnishing of the materials; Provided, that nothing herein shall prevent the filing of such notice at any time after a contract in writing has been entered into therefor. Suit in equity to enforce the rights of parties performing labor or furnishing materials as provided for herein must be brought within twelve months from the filing of notice of the lien."

The effect of this statute was not to create a lien on a married woman's separate property in derrogation of Sec. 2, Article XI of the Constitution. Therefore, insofar as the statutory provision, *supra,* is in harmony with the organic provision it is effective. For the purpose of making effective the provisions of Section 2, Article XI of the Constitution and fixing a period of limitation within which suits may be instituted under authority of Section 2, Article XI, *supra,* the statute, *supra,* may be applied. See Pierson v. Reinhardt, 101 Fla. 1392, 133 Sou. 553.

The existence of a lien is not essential to the right of a claimant such as the complainant in this suit to charge and sell the separate property of a married woman to satisfy a claim for labor and material used with her knowledge or assent in the construction of buildings or repairs or improvements upon such property.

Sub-section 3 of Section 4 of Chapter 17097, Acts of 1935, is as follows:

"When final payment becomes due the contractor from the owner the contractor shall give to the owner a statement under oath stating, if that be the fact, that all lienors contracting directly with or directly employed by such con-

tractor have been paid in full, or if the fact be otherwise, showing the name of such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath."

The title of this Act is as follows:

"An Act Providing for Mechanics' or Laborers' Liens Including Liens for Materials on Real Property, Providing Penalties for Misapplication of Funds and for Furnishing False Statements, to Make Uniform the Laws of this State with Other States with Reference Thereto, and to Repeal All Acts or Parts of Acts Inconsistent Herewith."

This title is broad enough to cover liens acquired by mechanics or laborers and by materialmen furnishing labor or materials to another unless organic provision such as Section 2 of Article XI of our Constitution, preclude the creation of statutory liens enforceable in equity against the property involved coming within the contemplation of that provision of the Constitution; but neither the creation nor enforcement of a lien is essential to the right of one who comes within the purview of that section of the Constitution invoking the aid of a court of equity to charge a married woman's separate real or personal property for labor and materials furnished with her knowledge or assent in the construction of buildings or repairs or improvements upon her property.

It, therefore, follows that one who has furnished labor and materials for the construction of a building on a married woman's property under a contract with such married woman may not acquire a statutory lien even by complying

with the provisions of Chapter 17097, *supra*. But under the Constitution such claimant may subject the married woman's separate property to sale without following the statute in regard to liens.

The allegations of the bill of complaint are not sufficient to establish the complainant's right to the foreclosure of an alleged lien, but they are sufficient to show that complainant is entitled to have the property charged in equity and sold to satisfy his claim. Therefore, there was equity in the bill and the motion to dismiss should not have been granted, although relief was prayed, that is the enforcement of an alleged lien, which could not be granted.

Any relief which the allegations of the bill warranted may be granted, however, under the prayer for general relief.

It appears that there is no reversible error in the order sought to be reversed. Therefore, writ of certiorari is denied.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.