EMILY C. PITTMAN, APPELLANT, *v.* WM. M. PITTMAN, RESPONDENT.

WIFE'S RIGHT OF ACTION AT LAW.—A divorced wife cannot maintain an action at law against her divorced husband upon an implied contract arising during coverture.

APPEAL from Linn County.

The complaint alleges that on or about December 3, 1864, the defendant received from the plaintiff's father the sum of

one thousand dollars in gold coin to the use of the plaintiff; that demand for the payment thereof was made, but that the defendant has not paid any part thereof, but is now justly indebted to the plaintiff in the sum of one thousand dollars.   The answer denies specifically each affirmative allegation of the complaint, and alleges that on July 4, 1858, the plaintiff and defendant were lawfully married, and continued to be husband and wife until July 14, 1870, at which date they were divorced by decree of the Circuit Court for Benton County.   And further, that the plaintiff, as heir at law of Hetty Allen, deceased, was entitled to a certain one-fifth of said decedent's land claim.   That the same was sold to one Chambers, the proceeds thereof being eight hundred dollars, and that Chambers, with the knowledge and assent of the plaintiff, paid the same to one Mulky's administrator, in discharge of a demand of said administrator against the defendant, and that there never was any previous agreement or understanding that the money should be refunded to the plaintiff.   The Statute of Limitations is also pleaded.   The new matter in the answer is denied in the reply, and therein it is further alleged that there was an understanding that plaintiff was to have the money to her own use; that she always claimed it; that the money was the proceeds of her interest in her mother's estate, and that at the time of instituting this action the plaintiff was a single woman.

Defendant moved for judgment on the pleadings; and from the order allowing said motion and dismissing the action the plaintiff appeals.

By the Court, McARTHUR, J.:

A careful examination of the pleadings discloses that this is an action at law upon an implied contract for the payment of money, and that at the time of the transaction out of which the implication arises, the parties were husband and wife. At common law, husband and wife were incapable of making any contract, express or implied, which a Court of law would countenance or uphold.   Nor does the constitutional provision (Art. XV, § 5) break the force of this rule.   That provision was adopted for the protection of the wife's prop-

erty from the debts or contracts of the husband. It does not enlarge her strictly legal rights so far as to allow her to sever her unity from her husband, and enable her to enter into contracts with him as with a mere stranger. The appellant cannot recover upon the implied contract pleaded in a Court of law. The only forum wherein the questions presented by this record can be properly examined into, and the adequate remedy afforded, is a Court of equity.

Courts of equity protect with great care the separate property of the wife and the proceeds thereof, and enforce against all persons any reasonable agreement concerning it. The beneficent rules which they now apply in this class of cases have tempered the harshness of those relics of feudalism which still find sanction in courts of law.

In this case the amount sought to be recovered was the proceeds of the sale of a parcel of land inherited by the appellant during coverture. Under no circumstances could the land, or the proceeds thereof, have been reached by any process issued at the instance of the creditors of the respondent. Being a pecuniary right, occurring during coverture, the respondent could not equitably appropriate it to his own use, or to the discharge of his liabilities, without the knowledge and assent of the appellant. If appropriated for such purpose by the husband without the wife's knowledge and assent, every consideration of morality and justice would lead a court of conscience to assert its jurisdiction, and order the husband to make restitution. If so applied with her knowledge and assent, we see nothing in the way of treating it as an equitable loan, unless the wife absolutely renounced all claim thereto.

In New York, where the property rights of married women are not more fully protected by legislative enactment than they are in Oregon by constitutional provision, it is well settled that a wife can loan money to her husband, and, before repayment by him, she has a claim against him which she can enforce in equity, though not at law. (*Savage* v. *O'Neil*, 44 N. Y. 302.) Transactions of this character are not *nudum pactum*. Where the money arises from the wife's separate property, over which she has com-

plete control, when the husband borrows it, there is in equity a valid consideration to repay it.  (*Woodworth* v. *Sweet*, 51 N. Y. 10.)

Judgment affirmed.