THE THOMAS COMPANY, A COPARTNERSHIP, *Appellants,* v. IDA S. DAUGHERTY AND HER HUSBAND, JAS. W. DAUGHERTY, *Appellees.*

Opinion Filed November 17, 1914.

Where the evidence is legally sufficient to sustain a finding that material used in erecting a building on a married woman's separate property was not so "used with her knowledge or assent," and it does not clearly appear that the finding is erroneous, a decree dismissing a bill in equity which seeks to subject such property in payment for the material will not be reversed on the evidence.

20—Vol. 68

. Appeal from Circuit Court for Alachua County; James T. Wills, Judge.

Decree affirmed.

*W. S. Broome,* for Appellants;

*S. L. Carter,* for Appellees.

WHITFIELD, J.—The appellants seek to charge in equity and have sold certain lands, the separate real property of a married woman, to pay for material alleged to have been in part selected by her and all used "with the full knowledge of the married woman in the erection and construction of a residence on her separate property."

By answer the married woman denied the indebtedness; denies that she personally selected or purchased any material from the complainants "for use in her dwelling and denies that any merchandise or material was ever furnished or was ever used in the construction of her dwelling house with her knowledge or consent." The answer avers that the married woman "while living in the City of Jacksonville, County of Duval, and State of Florida, in the year 1911, and owning the lot in Gainesville, Alachua County, Florida, described in complainant's bill, and desirous of building a bungalow on said lot, she contracted with one B. Daugherty, a contractor and builder in the City of Jacksonville, for an agreed price, to erect and build said building, he furnishing all material, etc. That she had no knowledge of where he was to buy the material,—whether in Jacksonville, Gainesville, or elsewhere. That during the erection of the bungalow she was in Gainesville several times on visits to her sister, while the work was being carried on; that she had no knowledge

where the contractor obtained his material and supposed that he paid for it as he obtained it, as no notice of any kind was given her that she was expected to be responsible for it; that after the building was done and turned over to her, she then paid the contractor in full the agreed price and some extras, that she never knew that the complainant or any one else had any claim against the contractor or her, until long afterwards, and after the completion of the building, and after she had settled in full with the contractor." A general demurrer was incorporated to the bill of complaint. Replication was filed and testimony taken. From a final decree dismissing the bill, the complainants appealed.

The Constitution provides that "a married woman's separate real or personal property may be charged in equity and sold, * * * for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property."

The evidence shows that the dwelling was built by a contractor, and that the materials in question were charged to him. There was evidence upon which the chancellor could have found that the married woman did not select or order any of the materials, and that if they were purchased as alleged and used in the building, it was done without any knowledge on her part that they were purchased from the complainants and that she did not assent to such purchase and use, but dealt only with the contractor who purchased in his own name in constructing the house under contract. We do not hold that the notice required in cases of statutory liens does not apply in a case like this.

On the entire evidence it is not clear that the chancellor erred in dismissing the bill of complaint. Where the evidence is legally sufficient to sustain a finding that ma-

terial used in erecting a building on a married woman's separate property was not so "used with her knowledge or assent," and it does not clearly appear that the finding is erroneous, a decree dismissing a bill in equity which seeks to subject such property in payment for the material will not be reversed on the evidence. In this case it is not clearly shown that any conduct on the part of the married woman misled the complainants, or that by implication she had knowledge of or did assent to the purchase of the material in question from the complainants for use in constructing the building on her separate property. The contractor was paid in full before complainant's claim was presented. The material was in fact charged to the contractor, and there is evidence to sustain a finding that the married woman had no contractual relation with complainants, did not purchase the material in question and did not know of or assent to the use of it in erecting the building.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.