MARY BELL AGIN AND HARRY AGIN, HER HUSBAND, *Appellants*, v. GAINESVILLE PLANING AND COFFIN COMPANY, A CORPORATION, *Appellees*.

Opinion Filed November 11, 1920.

1. The complainant in a suit in equity who seeks to subject a lot which is a married woman's separate statutory property, to the payment of claims of the complainant as a material man who is alleged to have furnished such material to a contractor who erected a building upon the married woman's property must show knowledge upon the part of the married woman that the material was being furnished by the complainant and used by the contractor and that she assented to such furnishing by complainant and use of the material upon the conditions alleged.

2. Section 2 of Article XI of the Constitution of Florida, which provides, among other things, that a married woman's separate real or personal property may be charged in equity and sold, etc., for "labor and material used with her knowledge or assent in the construction of buildings or repairs or improvements upon the property," etc., removes from the married woman under certain restrictions, the common law disability of coverture, and to enable her to assume obligations that can be charged in equity upon and enforced out of her separate property.

3. Mechanics and material men's liens provided for under Sections 2189a to 2211, Florida Compiled Laws, 1914, do not apply to the separate property of married women.

An Appeal from the Circuit Court for Alachua County; James T. Wills, Judge.

Decree reversed.

*E. G. Baxter* and *Robert E. Davis*, for Appellants;

*W. S. Broome,* for Appellee.

ELLIS, J.—This was a suit in equity brought by the Gainesville Planing and Coffin Company against Mary Bell Agin and her husband, Harry Agin, to subject a certain lot of land in Waldo, Florida, and the house located on the said lot to the payment of a certain claim of the complainant for lumber and material furnished in the construction of the house. There was a decree for the plaintiff, and the defendants appealed.

The bill prays that a lien be declared upon the land and house in favor of the complainant for the lumber and material furnished. that if the defendant, Mary Bell Agin, fails to pay the amount due for the lumber and material that the rents and profits of the property be sequestrated, or that the lands and tenements described in the bill be sold to pay the debt due for the materials furnished by complainant in the construction of the house.

The bill alleges that the described lot was the separate statutory property of Mary Bell Agin, that Harry Agin acting as her agent caused the building to be erected, that he entered into a contract with one W. P. Whelpley, a contractor, for the construction of the building, that the complainant furnished the material to Whelpley and gave notice of the fact to Harry Agin, and that he and his wife at the time of receiving such notice owed the contractor an amount in excess of the indebtedness due to the complainant.

The answer of Mary Bell Agin neither admitted nor denied her ownership of the property, it denied that she caused the building to be erected and that her husband

acted as her agent, but averred that he on his own account caused the building to be erected and for that purpose contracted with Whelpley to erect it, the latter to furnish all material and labor for a certain sum of money to be paid by Harry Agin.  That the complainant sold the materials to Whelpley directly and not as agent for the defendant, nor for her use and benefit.  That when Harry Agin received the notice from complainant that it had furnished material to Whelpley he paid to the latter a sufficient sum of money to pay the debt claimed and for the express purpose of paying it, that complainant received the money, but credited a different account of Whelpley's The answer of Harry Agin was substantially the same.

There was no evidence as to the ownership of the property, but the complainant must obtain relief, if at all, upon the case made by its bill, and that case is one in which the separate statutory property of a married woman is sought to be charged with a material man's lien when the material man was not in privity with the owner, or a case in which the separate statutory property of a married woman is sought to be subjected in equity independent of the statutory liens upon her contract for its improvement,

No relief could be granted upon the latter phase of the case, because the evidence shows, and it is uncontradicted, that Harry Agin made a contract for a stated amount with W. P. Whelpley, a contractor, and builder, for the erection of the building upon the lot described; that the materials were sold by complainant to Whelpley and delivered to him upon his own account and that he was not Mrs. Agin's agent; that she had no contract, agreement or understanding directly or indirectly with the complainant for the purchase of the material, nor

that either she or her husband assumed liability there-for. There is, therefore, no basis in equity for relief against Mrs. Agin upon the theory that her statutory property may be subjected in equity to the payment of obligations incurred by her for its betterment. See Mac-farlane v. Southern Lumber & Supply Co., 47 Fla. 271, 3C South. Rep. 1029.

Section 2 of Article XI, Constitution of 1885, provides, among other things, that a married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated * * * for "labor and material used with her knowledge or assent in the contruction of buildings or repairs or im-provements upon her property," etc. The purpose of this provision of the organic law is to remove from married women under carefully limited restrictions the common law disability of coverture in the case specified, and in such cases to enable her to assume obligations that can be charged in equity upon and enforced out of her sep-arate property. See Micou v. McDonald, 55 Fla. 776, 46 South. Rep. 291; McGill v. Art Stone Const. Co., 57 Fla. 498, 49 South. Rep. 539; McMillan v. Warren, 59 Fla. 578, 52 South. Rep. 825. One of the restrictions upon the assumption of such obligations by married women is knowledge on her part that the material is being furnished and that she has assented to it upon the conditions upon which it is being supplied. This much of the elements of a contract is essential to her assent which must be di-rectly or indirectly given. The cases above cited which hold that her separate property may be sequestrated or sold in equity to pay for materials which she or her hus-band as her agent purchase for use in construction of a building upon her property is in accord with the prin-ciple that her obligation results from a contract with

reference to her separate property, but to hold it may be sold to satisfy a claim for materials in favor of one with whom there is or was no privity of contract with the owner is to ignore the restriction that the material must be furnished with her knowledge or assent.

No relief could be granted upon the other phase of the case, that is to say that a lien was created by statute in favor of the complainant, because the mechanics and material men's liens provided for by Sections 2189a to 2211, Florida Compiled Laws, 1914, do not apply to the separate property of married women. See Smith v. Gauby, 43 Fla. 142, 30 South. Rep. 683; Macfarlane v. Southern Lumber & Supply Co., *supra;* DeSoto Nat. Bank v. Arcadia Electric Light, Ice & Telephone Co., 57 Fla. 391, 48 South. Rep. 745, and same case reported in 59 Fla. 479, 52 South. Rep. 612. Counsel for appellee admits in his brief that it was never intended to claim a material man's lien against the property, but that it was intended to get whatever benefit may be derived from giving actual notice of his client's rights. If Whelpley owed the complainant for material which the former used in constructing the house on Mrs. Agin's land, what right did that give the complainant to subject Mrs. Agin's land to the payment of Whelpley's debt? The case of Thomas Co. v. Daugherty, 68 Fla. 305, 67 South. Rep. 105, does not support the appellee's contention that notice to the married woman that the material man is furnishing material to her creditor for the building that is being erected is sufficient to charge her property. In that case the material man's bill was dismissed on final hearing, and the decree was affirmed. The court in its opinion said that the appellant did not clearly show that any conduct on the part of the married woman misled the complainant, or

that by implication she had knowledge of or did assent to the purchase of the material in question from the complainant, that she had no contractual relation with the complainant, did not purchase the material and did not know of or assent to the use of it in the erection of the house. In this case while she had no contractual relation with the complainant, did not purchase the material and did nothing to mislead the complainant, and had no knowledge of and did not assent to the purchase of the material, it is nevertheless contended that because her husband received a notice from complainant that it had sold to Whelpley lumber and building material for "construction and use" in building the house, and later that Whelpley had not paid and later still, on Oct. 2, 1913, that the account amounted to $427.65, Mrs. Agin's separate property, is subject in equity to be sold in payment of the bill. There was due to Whelpley when the first notice was received about eight or nine hundred dollars. The house was completed the last of October or the first of November, 1913. That is not the meaning of the term "with her knowledge or assent," as used in Section 2 of Article XI of the Constitution. Any person knows that in constructing a building both material and labor are used, and when a married woman lets a contract for such work she knows that materials are to be purchased and labor employed, and, of course, she assents thereto. She may even have knowledge that her contractor is purchasing material from a certain material man and employing certain persons as laborers, but as between her and such persons there is no privity, and she is not by any statute required to assume the obligation incurred by her contractor. She has in this State only the power to make a contract of a particular character, but the mechanics' lien law provides for a personal judgment against the owner,

yet does not give to the married woman the power to make a contract upon which to base the judgment. See O'Neil v. Percival, 20 Fla. 937. Subsequent acts make no change in this respect from the one considered in the Percival case.

The decree of the Chancellor is reversed with directions to dismiss the bill.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.