A. R. LIVINGSTON, *Appellant*, v. LORENA POWERS AND FRANK J. POWERS, *Appellees*.

Opinion Filed February 26, 1923.

A bill in equity to subject a married woman's separate real property to pay for labor bestowed upon such property is properly dismissed when it does not clearly appear that such labor was "bestowed thereon with her knowledge and consent."

An Appeal from the Circuit Court for Monroe County; H. Pierre Branning, Judge.

Affirmed.

*Atkinson, Evans & Mershon*, for Appellant;

*Lilburn R. Railey,* for Appellees.

WHITFIELD, J.—A bill in equity was brought to subject described real estate, the separate property of a married woman, to the payment of amounts due for labor used in clearing trees and stumps from the real estate, it being wild and unoccupied land, and the expenditures for the labor having been made at the instance of the husband. By answers the liability of the married woman for the alleged expenditure was challenged on the ground that she had not contracted for or authorized her husband to contract for the labor to be performed on the land and had no knowledge of and had not assented to the use of the labor on her property. Testimony was taken and the bill of complaint was dismissed on final hearing.

The constitution contains the following:

"All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterwards by gift, devise, bequest, descent, or purchase, shall be her separate property and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing, executed according to the law respecting conveyances by married women."

"A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other

labor bestowed thereon, with her knowledge and consent.''
Secs. 1 and 2, Art. XI.

Section 3948, Revised General Statutes, 1920, provides
that ''the property of the wife shall remain in care and
management of the husband but he shall not charge for
his care and management, nor shall the wife be entitled
to sue her husband for the rent, hire, issues, proceeds or
profits of her said property.''

The principles announced in the case of Craft v. Amer-
ican Agricultural Chemical Co., 81 Fla. 55, 87 South. Rep.
41, will not be extended so as to subject the separate pro-
perty of a married woman to payment for ''labor be-
stowed'' ''upon her property,'' which is wild and unoc-
cupied land, *merely because* under the statute the husband
has the ''care and management'' of ''the property of the
wife,'' where it does not clearly appear from the facts
and circumstances in evidence that the labor for which
compensation is sought, was ''used'' or ''bestowed'' ''upon
her property'' ''with her knowledge or consent.'' In the
Craft case the married woman's property was subjected
because it clearly appeared that the ''material'' was pur-
chased and ''used with her knowledge or assent'' on a
bearing orange grove on which the husband lived and
which he cultivated and improved while acting as her
agent, the express knowledge and assent of the wife to the
purchase and use of the material on her separate property
for its benefit appearing by the evidence.

In this case the circumstances are quite different. There
was no purchase of property; and it does not satifactorily
appear that the labor was ''used'' or ''bestowed'' upon
his wife's property ''with her knowledge or consent.''
Thomas Co. v. Daugherty, 68 Fla. 305, 67 South. Rep.

105. The chancellor so found. See 80 Fla. 679, 87 South. Rep. 63.

Affirmed.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.