F. H. TRESHER, *Plaintiff in Error*, v. HAZEL W. McELROY, A MARRIED WOMAN, JOINED BY ROBERT E. LEE, AS HER NEXT FRIEND, *Defendants in Error*.

Decision Filed October 20, 1925.

Division A.

1. Under the common law the legal existence of the wife was merged in that of her husband. They were recognized as one, and the husband could not bring an action at law against the wife, nor the wife against the husband. It is from this idea of unity that most of the so-called disabilities of married women have sprung.

2. The common law rule has been modified in this State by Sections 3951 and 3948, Revised General Statutes of Florida, 1920, and Section 1 of Article II of our Constitution which is embraced in Section 3947, Revised General Statutes of Florida, 1920.

3. Tenancy in common is characterized by unity of possession. The tenant in common must be vested with such title as will authorize him to take and hold possession, and if he can never be entitled to the possession or control of the property, he cannot be a tenant in common, (7 R. C. L. 815) unity of possession being the essence of tenancy in common; anything which terminates or destroys that unity necessarily terminates the tenancy.

A Writ of Error to the Circuit Court for Orange County; C. O. Andrews, Judge.

Affirmed.

*Maguire and Voorhis,* for Plaintiff in Error;

*Chas. P. Dickinson,* for Defendants in Error.

TERRELL, J.—Hazel W. McElroy, by her next friend, Robert E. Lee, brought an action of replevin against F. H. Tresher to recover one Buick Six Automobile. There was judgment for the plaintiff, and defendant took writ of error to this court.

The automobile was sold to the defendant by S. G. McElroy, the husband of the plaintiff, early in January, 1923. The record shows that Hazel W. and S. G. McElroy had separated on Armistice Day, 1922, and that the automobile was taken from Hazel W. McElroy by S. G. McElroy about the first of January, 1923. There is some conflict as to which of the McElroys owned the automobile and with what funds it was paid for, but the overwhelming weight of the testimony is to the effect that it was the property of Hazel W. McElroy, and was paid for with her money. The jury accepted this view, and their verdict was approved by the trial court.

Under the statement of facts plaintiff in error seeks reversal on the ground that husband and wife under the law of this State are one, and that the wife cannot sue her husband or his *bona fide* assignee, vendee or conditional vendee.

It is true that under the common law the legal existence of the wife was merged in that of her husband. They were recognized as one, and the husband could not bring an action at law against the wife, nor the wife against the husband. It is from this idea of unity that most of the so-called disabilities of maried women have sprung. Chestnut v. Chestnut, 77 Ill. 346; Hobbs v. Hobbs, 70 Me. 383;

Peters v. Peters, 42 Iowa 182; Barton v. Barton, 32 Md. 214; Pittman v. Pittman, 4 Ore. 298.

The common law rule has been modified in this State by Sections 3951 and 3948, Revised General Statutes of Florida, 1920, and Section 1 of Article II of our Constitution which is embraced in Section 3947, Revised General Statutes of Florida, 1920.

Section 3951, Revised General Statutes of Florida, 1920, in effect provides that a married woman shall have the right to bring suit concerning her real estate without joining her husband or next friend.

Section 3948 of the Revised General Statutes provides that the property of the wife shall remain in the care and management of the husband, but he shall not charge for his care and management, nor shall the wife be entitled to sue her husband for the rent, hire, issues, proceeds or profits of her said property.

In Florida Citrus Exchange v. Grisham, 65 Fla. 46, 61 South. Rep. 123, it was held that under the Constitution the wife at her pleasure might assert her control and terminate that of her husband over her property.

Section 1 of Article XI of our Constitution, also Section 3947 of the Revised General Statutes, 1920, is as follows:

"All property, real and personal, of a wife, owned by her before marriage, or lawfully acquired afterwards by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing, executed according to the law respecting conveyances by married women."

The automobile in question was the property of the wife purchased with her money. After they were separated it was taken and carried away and disposed of by the husband to the plaintiff in error without the wife's knowledge or consent, and to hold that she could not follow and re-

cover it in an appropriate action brought for that purpose would in a large measure nullify the foregoing provisions of law and deprive her of substantial rights guaranteed to her thereunder.

It is also contended that the McElroys were tenants in common as to the property involved in this litigation.

Tenancy in common is characterized by unity of possession. The tenant in common must be vested with such title as will authorize him to take and hold possession and if he can never be entitled to the possession or control of the property, he cannot be a tenant in common (7 R. C. L. 815), unity of possession being the essence of tenancy in common; anything which terminates or destroys that unity necessarily terminates the tenancy.

There is nothing in the record showing unity of possession of the automobile in question or any other prerequisite to tenancy in common as between Hazel W. and S. G. McElroy, so the judgment of the court below is therefore affirmed.

WEST, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur