ALBERT J. KORABECK, *Plaintiff in Error,* vs. GEORGE C.
SHANNON, *Defendant in Error.*

Division A.

Opinion filed May 22, 1931.

Petition for rehearing denied June 2, 1931.

J. C. *Davant* and *Jos. W. Nichols,* for Plaintiff in Error;

*Frank M. Harris,* for Defendant in Error.

BUFORD, C.J.—In this case Shannon, the holder in due course of a note executed by Albert J. Korabeck and his wife, Elizabeth Korabeck, brought suit to enforce payment of the note. After demurrer to the declaration on proper motion the name of Elizabeth Korabeck was stricken as a party defendant. The order striking the name of Elizabeth Korabeck, the wife of Albert J. Korabeck, on timely motion was proper. See Wilson vs. Friedenberg, 22 Fla. 114.

Defendant's pleas to the amended declaration included a first plea as follows:

"That the note set up and described in said Amended Declaration is not a note of this Defendant, and was not made and signed by him."

and also included a third plea, as follows:

"And for a third and further plea, the defendant says that the note set up and described in the said Amended Declaration is a joint note of this Defendant and of the Elizabeth Korabeck; that the Plaintiff originally instituted this suit against this Defendant and the said Elizabeth Korabeck as makers of said note."

The pleas were signed and sworn to by Albert J. Korabeck.

There was a motion to strike three pleas and demurrer

to three pleas. Demurrer to the Second and Third Pleas was sustained and properly so. Later the Third plea over the objection of the defendant, was offered in evidence, it appears for two purposes, first to show the admission contained therein by the defendant and second, to prove the handwriting of the defendant as it appeared upon the note. It is not necessary for us to determine whether or not the plea was admissible for the purpose of proving an admission contained therein against the interest of the defendant as it was admissible for the purpose of proving the handwriting of the defendant and for comparison between the signature as attached to the plea and the signature on the note.

We find nothing in the other assignments of error that requires discussion except that it appears that the judgment to which writ of error is sued out is a judgment against both Albert J. Korabeck and Elizabeth Korabeck. There is no foundation in the record for judgment against Elizabeth Korabeck and, therefore the judgment is reversed as to her, with directions that her name be stricken from the judgment. The judgment should be affirmed as against Albert J. Korabeck and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.