Harvey E. Deno, as Guardian of the Estate of Susan Deno, a lunatic, and Joseph Deno, Harvey E. Deno and Frances Young, *Appellants*, vs. Sidney A. Smith, *Appellee*.

137 So. 248.

140 So. 335.

Division B.

Opinion filed October 27, 1931.

Opinion on Rehearing filed December 11, 1931.

*Hawthorne & Burton,* for Appellants;

*Ross Williams,* for Appellee.

Per Curiam.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered,

ordered and decreed by the Court that the said decree of the Circuit Court be, and the same is hereby affirmed.

While a promissory note of a married woman not a free dealer is not a legal predicate for a personal judgment or decree against her, such a note with competent evidence as to the circumstances under which the note was executed and a due consideration received by her, may constitute an agreement in writing for the benefit of her separate property, for which the married woman's separate real or personal property may be charged in equity and sold, under section 2, Article XI, constitution.

Affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

---

## ON REHEARING.

PER CURIAM.—A petition for rehearing calls attention to an oversight in not adjudicating here the amounts which should be awarded as interest in the decree appealed from.

In stating the amounts due the complainant, the master calculated the interest on the $5000.00 principal amount from January 14, 1928, to December 16, 1929, as $1568.88, making a total of $6,568.88. The master's report was not filed till March 4, 1930, and the final decree rendered June 25, 1930, contains the following:

"That said Defendant, Susan Deno, has never repaid to Complainant the said Five Thousand ($5,000.00) Dollars represented by said note, nor any interest thereon, and that there is now due upon the same, as of the 16th day of December, 1929, the following sums: $5,000.00 principal and $1568.88 interest to said date, making the total of $6568.88 due thereon, as of the 16th day of December, 1929, together with interest on said sum of $6568.88 from Dcember 16, 1929, to the date of the Master's Sale herein provided for at the rate of 8% per annum."

The final decree is assigned as error, but the amount of

interest allowed in the decree is not specifically assigned as error, though reference to an over allowance of interest in the decree is made in the briefs for appellants. ·

The decree of this court affirming the decree appealed from will be modified to the extent of directing the court below to reform the decree so that only simple interest will be allowed on the principal sum of $5000.00 from the date of the loan. It is so ordered. When reformed as directed the decree will stand affirmed.

Rehearing denied.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.