RUTH CAMP SMITH, *et vir.,* v. J. J. CHAPMAN.

156 So. 544.
Opinion Filed September 21, 1934.

*E. H. Wilkerson,* for Appellants;

*Thomas H. Cooley,* for Appellee.

DAVIS, C. J.—This was a suit in equity brought by appellee against appellant, a married woman, predicated upon Section 2 of Article II of the Constitution of this State, which provides that a married woman's separate property may be charged in equity and sold for money or things due upon any agreement made by her in writing for the benefit of her separate statutory property.

The Chancellor decreed that the married woman defendant in this case had made an agreement in writing for the benefit of her separate statutory property, in the form of two certain promissory notes that had been given by her in consideration of certain agricultural labor and materials fur-

nished and performed by the complainant below upon the married woman maker's separate statutory property, upon the request of, and pursuant to an agreement with, the defendant married woman to have said work done and materials furnished for the benefit of her separate statutory property, and to improve the same, and that accordingly complainant was entitled to charge the said married woman's property in equity and sell the same to satisfy the amount of principal and interest due and unpaid on said promissory notes.

The decree has been appealed from by the defendant married woman on the theory that: (1) a married woman cannot make a promissory note the foundation of a legal liability against herself and (2) that where a promissory note is given as a written admission of indebtedness on the married woman's part for work done and materials furnished her for the benefit of and as an improvement upon her separate statutory property, the right to charge the married woman's property in equity becomes barred by the same period of limitation that would bar a suit for the debt itself were the married woman a *feme sole,* that is, by the four-year statutory limitation prescribed by Section 4663 (4) C. G. L., 2939 R. G. S. The Chancellor rejected both contentions in entering his decree.

Appellee's contention is that the decree appealed from is supported by the holding of this Court in Deno v. Smith, 103 Fla. 282, 137 Sou. 248, where this Court said:

"While a promissory note of a married woman not a free dealer is not a legal predicate for a personal judgment or decree against her, such a note with competent evidence as to the circumstances under which the note was executed and a due consideration received by her, may constitute an agreement in writing for the benefit of her separate property, for which the married woman's separate real or per-

sonal property may be charged in equity and sold, under Section 2, Article XI, Constitution."

The evidence in this case, however, does not disclose a factual situation sufficient to bring this case within the rule of the above cited case. Here the complainant was employed to work on and fertilize the orange grove by Mrs. Smith and performed labor and furnished materials pursuant to that employment. It was testified to by complainant without consideration that the work done and materials furnished by him benefited the grove worked on, and that the particular grove receiving such benefit was the defendant married woman's particular separate statutory property sought to be charged in equity and sold under the decree in this case.

The promissory notes, it appears, were given by the married woman owner of the grove during the course of performance of the work, and in consideration thereof. But it is neither claimed nor shown that the notes were given for any other purpose than "to represent the money due for * * * services and materials furnished on this orange grove."

The Constitution provides that the separate property of a married woman may be charged in equity and sold, or the uses, rents and profits thereof sequestered for material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, bestowed thereon with her knowledge or consent. Const. of Fla. Art XI, Sec. 2; Harwood v. Root, 20 Fla. 940. But this section does not give a married woman capacity to make a contract for labor performed or material furnished upon her separate property that will bind her in a personal judgment. Nutt v. Codington, 34 Fla. 77, 15 Sou. Rep. 667; Thrasher v. Doig, 18 Fla. 809; Agin v. Gainesville Planing & Coffin Co., 80 Fla. 679, 87 Sou. Rep. 63.

A married woman's separate real or personal property may also be charged in equity and sold for agricultural or other labor bestowed thereon with her knowledge and consent. Livingston v. Powers, 85 Fla. 254, 95 Sou. Rep. 622; King v. Hooton, 56 Fla. 805, 47 Sou. Rep. 394. But a married woman, not a free dealer, has no general contractual capacity in this State, so the promissory note of a married woman is *per se* void. Tresher v. McElroy, 90 Fla. 372, 106 Sou. Rep. 79; Blood v. Hunt, 97 Fla. 551, 121 Sou. Rep. 886; Deno v. Smith, 103 Fla. 282, 137 Sou. Rep. 248; Micou v. McDonald, 55 Fla. 776, 46 Sou. Rep. 291.*

The circumstances of this case do not justify the conclusion that the promissory notes, as given by married woman defendant under the conditions testified to by complainant, were intended to constitute evidences of "an agreement in writing" for the benefit of the married woman's separate property as contemplated by Section 2 of Article XI of the Constitution. The facts at most show a bestowing of agricultural and other labor on such separate property with the married woman's knowledge and consent—a fact to be inferred from the giving of the notes to evidence the value of such labor while it was in course of being so bestowed.

Unlike Deno v. Smith, *supra*,† this case does not involve

---

*For other cases on the subject of married women's rights and liabilities see "The Property of Married Women in Florida," by Martin Hartwell Moyer, published in Florida State Bar Association Law Journal, Vol. 4, No. 4, August, 1930.

†In this case the facts were that Mrs. Susan Deno, a married woman, had successfully worked herself into the confidence of Mr. Smith, from whom she procured $5,000.00 in cash, at the same time giving him her promissory note therefor. The money thus obtained was invested by her in her separate statutory property and the court treated the promissory note as a contract in writing for the benefit of the married woman maker's separate statutory property.

the receipt by a married woman of a sum of money which she procured to invest and actually does invest as a part of her separate estate, pursuant to her positive agreement to so deal with it and to give a promissory note as evidence of an intent to bind her estate to its repayment. On the contrary, this is simply a case of bestowing of agricultural labor on a married woman's land and the taking of a promissory note from her to represent the value of what was bestowed.

The Chancellor decided the case on an erroneous theory and for that reason the decree appealed from must be reversed, with directions to the Chancellor to treat the notes as evidence only of the value of agricultural labor bestowed on defendant married woman's land and allow a recovery for such value without reference to the contract for interest carried in the notes.

Assuming that equity will follow the law as to the applicable limitation on a complainant's right to sue a married woman under Section 2 of Article XI of the Constitution, as contended for by appellant on the authority of Erickson v. Insurance Co. of North America, 66 Fla. 154, 63 Sou. Rep. 716, the limitation would not begin to run until the bestowing of labor on the married woman's property had been finished, because the right to charge in equity is a continuing right that does not fully mature until the relationship between the parties has either reached the point of a demand for payment up till a particular time, or the bestowing of labor has ceased. The defendant's plea of the statute of limitations was not interposed on this theory was therefore properly overruled.

Reversed for further appropriate proceedings.

WHITFIELD, TERRELL and BUFORD, J. J., concur.