Walter D. Noyes and Jessie G. Noyes, *et vir*, v. Webster Investment Company.

197 So. 390.

Division A

Opinion Filed July 12, 1940

*B. M. Skelton*, for Plaintiff in Error;

*Askew & Kiernan*, for Defendant in Error.

THOMAS, J.—The action of defendant in error against the plaintiff in error on two identical promissory notes culminated in judgment against the makers for the amount claimed to be due.

The validity of this judgment is questioned because one of the defendants named in it was a married woman.

No motion for new trial was presented and the copies of the notes attached to the declaration were not made parts of that pleading, so in determining the question involved we will consider only the initial pleading, verdict and judgment. Inasmuch as no question is raised with reference to the pleas their contents need not be given.

In the introduction of the declaration it was stated that the plaintiff sued "Walter D. Noyes, and Jessie G. Noyes, joined by her husband, Walter D. Noyes, as defendants." The parties defendant filed pleas as "Walter D. Noyes and Jessie G. Noyes, his wife."

The verdict and judgment described the parties defendant precisely as was done in the declaration.

That "A promissory note duly signed by a married woman and her husband may be good as to the husband though not as to the wife" was decided in Blood v. Hunt, 97 Fla. 551, 121 South. Rep. 886.

This Court also ruled in Korabeck v. Shannon, 101 Fla. 598, 135 South. Rep. 131, that the name of the wife should be "stricken from the judgment" entered in an action against her and her husband where her name had been deleted on motion during the progress of the suit, establishing that there is no impropriety in not prosecuting such an action to final judgment against all parties who were original defendants.

The holder could have sued the husband-maker without joining the wife, and she having been joined could have been

dismissed afterward as was pointed out in Korabeck v. Shannon, *supra*.

We need cite no authority for .the right of the payee to sue the makers in the same action, the question being whether, assuming that one of the makers was the wife of the other and basing such assumption solely on the description of them in the record no such plea having been filed, and the record being silent as to the free dealership of the wife, the judgment would be void as to the husband.

It was held in Hodges v. Price, 18 Fla. 342, that the promissory note of a married woman was void and the ruling was reiterated in Lloyd v. Cooper Corporation, 101 Fla. 532, 134 South. Rep. 563; Virginia-Carolina Chemical Co. v. Fisher, 58 Fla. 377, 50 South. Rep. 504. The transcript does not disclose any peculiar circumstances such as appeared in Deno v. Smith, 103 Fla. 282, 137 South. Rep. 248.

It cannot be successfully argued at once that the action was joint because of the position of the wife as a co-maker of the note and that the judgment was defective because her name was included in it. If the note was void as to her it could not have formed the basis for a joint action and if insufficient for that purpose inclusion of her name in the final judgment did not vitiate it.

We find no serious defect in the judgment because she remained a party until it was entered. At worst the inclusion of her name therein amounted to surplusage and would not affect its efficacy as to the husband.

Affirmed.

TERRELL, C. J., and BUFORD, J., concurs.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.