BOARDMAN, Chief Judge.
Appellant petitioned for dissolution of marriage which was granted by final judgment on March 21, 1975. The pertinent provisions of the judgment were:
IT IS FURTHER ORDERED AND ADJUDGED that the Respondent be, and he is hereby ordered to pay unto the Petitioner the sum of $20.00 per week per child for a total of $60.00 per week for the support and maintenance of the minor children of the parties hereto. Said child support payments shall continue until such time as each child attains majority, dies, marries or becomes self-supporting whichever the first shall occur.
IT IS FURTHER ORDERED AND ADJUDGED that the Petitioner be and she is hereby awarded possession of the premises commonly known as 12671-139th Street North, Largo, Florida, until such time as the same is sold. At which time, the net proceeds shall be equally divided with the Petitioner getting credit for any reduction in principle she makes from the date of the judgment to the sale.
The former husband of appellant conveyed to appellees, his parents, his undivided one-half interest of the marital home described in the final judgment of dissolution. On April 8, 1976, appellees filed a complaint for partition of the real property alleging that appellant and appellees were joint tenants in the realty and that appellant had a one-half interest in the property involved by virtue of a warranty deed recorded in O. R. 2321 page 263 public records of Pinellas County, Florida, and that appel-lees held a one-half interest in the property by virtue of a warranty deed recorded in O. R. 4383 page 299 public records of Pinellas County, Florida. Appellees prayed for a public sale of the property the proceeds of which to be paid to appellant and appellees according to their respective interests. The trial court entered an order denying appellant’s motion to dismiss the complaint. This appeal is from that order. We agree with the trial judge’s ruling.
We cannot agree with appellant’s contention that she is entitled to remain in possession of the marital domicile until such time as each child “attains majority, dies, marries or becomes self-supporting whichever the first shall occur.” It is clear to us from a reading of the provisions, of the final judgment set out above that the trial court intended to award possession of the premises to appellant only “until such time as the same is sold.” Finally we point out that we are not passing upon the merits of appel-lees’ cause of action; upon appellant’s con *129 tention that the realty is homestead property therefore exempt from forced sale as provided in Article X, Section 4, Florida Constitution; nor upon the rights of the parties to this action were the property found to be homestead.
AFFIRMED.
GRIMES and OTT, JJ., concur.