In re 18TH AVENUE DEVELOPMENT CORP., Debtor.

HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF HOLLYWOOD, Plaintiff,

v.

18TH AVENUE DEVELOPMENT CORP., and William D. Seidle, Trustee, et al., Defendants.

Bankruptcy No. 79–01230 BKC SMW. Adv. No. 80–0033 BKC SMW A.

United States Bankruptcy Court, S. D. Florida.

Nov. 14, 1980.

Martin L. Sandler, Miami, Fla., for trustee.

Julian R. Benjamin, Miami Beach, Fla., for plaintiff.

Robert A. Schatzman, Miami, Fla., for debtor/defendant.

Timothy Norris, Miami, Fla., for Chase Federal Savings & Loan Assoc.

Verne L. Freeland, Miami, Fla., for FHA Corp.

Atlee W. Wampler, III, U. S. Atty., Miami, Fla.

H. Skoglund, Revenue Officer, Internal Revenue Service.

Pertnoy & Greenberg, P.A., Miami, Fla., for Leonard Schreiber.

Stuart A. Goldstein, Miami, Fla., for Modular Paving.

John H. Duhig, Miami, Fla., for Reesmar.

Lawrence R. Heller, Miami, Fla., for Roy Const.

Talianoff & Rubin, Miami, Fla., for Miami Elevator.

A. J. Ryan, Jr., Dania, Fla., for Diversified Eng.

George A. Buchmann, Miami, Fla., for Lebelle Electric.

Gelb and Spatz, Miami, Fla., for Miami Rug.

Kavanaugh & Leiby, Miami, Fla., for Big H Sons.

Holtzman & Krinzman, P.A., Miami, Fla., for Pioneer Roofing Co.

Jerome A. Bauman, Plantation, Fla., for Chuck's Bighoe Service.

Stuart A. Goldstein, Miami, Fla., for Paver System.

Musselman, Welch & Korthals, P.A., Pompano Beach, Fla., for Bridge Lumber.

Richard M. Sepler, Hialeah, Fla., for Desmond Snelling.

Kenneth P. Wurtenberger, P.A., Plantation, Fla., for Hollywood Appliances.

Dingwall & Morgan, Fort Lauderdale, Fla., for Florida Products Inc.

Rosenberg, Rosenberg & Reisman, Miami, Fla., for S. Florida Plastering.

Larry Leiby, Miami, Fla., for Roof Structures Inc.

Steven M. Siegfried, Miami, Fla., for Lone Star.

Floyd Pearson, Miami, Fla., for Cundiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE CAME ON TO BE heard before the undersigned Judge of this Court for Trial on the Complaint filed by the Plaintiff. The Defendant, WILLIAM D. SEIDLE, the Defendant 18TH AVENUE DEVELOPMENT CORP., and other Defendants filed answers and the Court heard testimony of witnesses, received various documents and exhibits in evidence and heard argument of counsel. The Court being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law.

There was no dispute at the Trial that the Mortgage and Note were in Default for non-payment prior to commencement of these Bankruptcy proceedings. Although the Plaintiff had asked for many different types of relief, it was satisfied at this point in litigation if the Court would rule on the validity of the Mortgage and Note, the priority of its lien over other interests against

the property and the amount due by the Debtor. The right to sell the property based upon a Judgment in favor of the Plaintiff to satisfy the indebtedness was reserved by agreement for subsequent application in these proceedings.

As indicated, aspects of this litigation are not in dispute. HOME FEDERAL SAVINGS & LOAN ASSOCIATION (HOME) is the owner and holder of a mortgage on property of the Debtor as described therein. This Note and Mortgage was the subject of a modification agreement. The Trustee and the Debtor have stipulated for the purposes of this hearing that the Mortgage Note and the Modification Agreement are valid, that it was properly executed by the Debtor prior to the Bankruptcy Proceedings and that at the time of the commencement of these proceedings, was in Default for non-payment. In addition, they have conceded that it is superior to the interest of the Trustee and the Debtor.

Although there were other Defendants named herein, none appeared and presented evidence to the Court that the Plaintiff's lien was not superior to their interests. In view of the foregoing stipulations in open Court between the Plaintiff, the Debtor and the Trustee and the lack of contrary evidence, the Court concludes as a matter of law that the Mortgage, the Promissory Note and the Mortgage Note Modification Agreement are valid, that the Mortgage constitutes a valid first lien on the property described therein and that it was in Default prior to the commencement of the Bankruptcy proceedings.

There were further stipulations and agreements at the trial. The parties agreed that there were only the three issues to be resolved by this Court which would thereafter make the computation of the principal and interest due to date a matter of mathematical computation. This would save this Court much judicial labor. The parties agreed that once the Court had made a determination as to the amount of interest due on Default, whether the interest could be capitalized and compounded and whether the Plaintiff was entitled to interest from the date of payment of costs and attorney's fees, the computation of the principal and interest would be purely mathematical and could be resolved by mutual agreement between the parties.

The Plaintiff presented and the Court admitted into evidence, among other documents, the original Note and Mortgage dated November 6, 1973 and a Note Modification Agreement dated April 3, 1975. The original Note was for the principal sum of One Million Two Hundred Thousand and No/100 ($1,200,000.00) Dollars and provided for Default interest at the rate of 12% per annum. The Note Modification Agreement provided that:

"2. the interest on the principal sum evidenced by the Original Mortgage Note described above shall be at the rate of Ten percent (10.00%) per annum commencing as of this date, notwithstanding the interest rate recited therein except that in the event of a default in the payment thereof, or a default in a payment of the Mortgage Note of even date herewith, then both the Original Mortgage Note and the Mortgage Note of even date herewith shall bear interest at the rate of Ten percent (10.00%) per annum."

■ The parties to an agreement may, at any time subsequent thereto, modify, waive or change their respective rights and obligations under the agreement. Mortgages and Mortgage Notes are no exception to this general rule. *Spann v. Baltzell*, 1 Fla. 301 (1847); *Robinson et al. v. Hyer et al.*, 35 Fla. 544, 17 So. 745 (1895).

■ The Note Modification Agreement provided for a reduction in the default interest to 10%. This was clear in the language of the document. Even were it not clear, the only competent evidence before me was the uncontradicted testimony of one of the parties to the agreements, Mr. Leonard Schreiber whose testimony supports that conclusion. Since the Modification Agreement was drawn by the Plaintiff, ambiguities, if any, should be resolved against it. *MacIntyre v. Green's Pool Service, Inc.*, 347 So.2d 1081 (Fla. 3rd DCA

1977). Oral testimony may be heard and considered to interpret a document under these circumstances. *Hurt v. Leatherby Insurance Company*, 380 So.2d 432 (Fla.1980). In light of the foregoing, I must therefore conclude that the parties agreed to modify the provisions of the original Note and Mortgage to provide for 10% on default.

■ The next question is whether the Plaintiff may capitalize the default interest by adding it to the principal each month and thereafter charge interest on interest. I conclude that it may not do so, but may only charge simple interest on Default. See *Morgan v. Mortgage Discount Co.*, 100 Fla. 124, 129 So. 589 (1930); *Deno v. Smith*, 103 Fla. 282, 140 So. 335 (1931); *Coggan v. Coggan*, 183 So.2d 839 (2nd DCA 1966); 47 C.J.S. Interest § 3, p. 15.

■ The last remaining question for the Court is whether the Plaintiff is entitled to charge interest on costs and attorney's fees as they are paid. Since the agreements call for the payment of reasonable attorney's fees, the fixing of those fees, as between the parties to the agreements, is for this Court to decide based on evidence presented to me. *Boyette v. Carden*, Fla.App., 347 So.2d 759.

Attorney's fees are flexible in comparison to the fixed costs of abstracting, court filing fees and such similar items of expenditure. They are true third party payments over which neither the Mortgagor nor the Mortgagee has any control. The Plaintiff may therefore recover interest from the date of payment of all expenses and costs as claimed, except for its payment of attorney's fees. The amount of attorney's fees awarded to the Plaintiff are subject to the judgment of this Court and will be awarded bases upon application and hearing thereon. That issue is not before me now.

The parties have agreed that once the issues adjudged herein have been determined, that it will be a pure mathematical computation to determine the present principal balance plus accrued interest and costs, except for attorney's fees which is due to the Plaintiff. If the parties cannot

agree on that computation, on application of either party, a hearing will be held to make such determination. Upon submission of an agreed amount calculated in accordance with the findings and conclusions herein and the Judgment entered herewith, a Judgment determining the principal, interest and costs will be entered by this Court. Reasonable attorney's fees will be added to that Judgment after a hearing thereon.