443 So.2d 152 (1983)
Michael E. SALYERS, Appellant/Cross-Appellee,
v.
Martha A. GOOD, Appellee/Cross-Appellant.
No. 83-992.
District Court of Appeal of Florida, Second District.
December 9, 1983.
Rehearing Denied January 6, 1984.
H.H. Baskin, Jr., P.A., of Baskin & Bennison, Clearwater, for appellant/cross-appellee.
Elihu H. Berman of Krug, Berman & Silverman, Clearwater, and Leon Whitehurst, Jr., Clearwater, for appellee/cross-appellant.
GRIMES, Judge.
In this postdissolution action, the husband appeals the denial of his motion for *153 attorney's fees, and the wife cross-appeals the order dismissing her complaint for partition.
Paragraph 7 of the parties' property settlement agreement which was incorporated into the dissolution judgment of April 23, 1982, provided in part as follows:
[T]he Husband shall have the exclusive use and possession of the property [marital home] until such time as the same is sold. Upon the sale of the property, the Wife shall be entitled to forty percent (40%) of the net equity realized from the sale thereof less the following proceeds attributable to the contributions by the Husband during his tenancy therein: ... .
The balance of the paragraph spelled out the percentage of reimbursement to which the husband would be entitled for mortgage payments and other expenditures.
On March 10, 1983, the wife filed a complaint for partition of the marital home. The husband moved to dismiss for failure to state a cause of action and requested reasonable attorney's fees pursuant to section 57.105, Florida Statutes (1981). The court dismissed the complaint with prejudice "for the reason that the wife is not entitled to immediate possession of the subject real property and therefore will be unable to amend her complaint for partition to state a cause of action." The court denied the husband's motion for attorney's fees.
The argument pertaining to attorney's fees centers on whether the complaint was frivolous. Because we have determined to sustain the wife's position on cross-appeal, further discussion of this point would be superfluous.
The husband argues alternative positions to support the dismissal of the complaint for partition. First, he relies upon the supreme court's decision in Tresher v. McElroy, 90 Fla. 372, 106 So. 79 (1925), for the proposition that without unity of possession, there can be no tenancy in common. Tresher was decided in another context and is not controlling. The marital home in the instant case was formerly owned by the parties as tenants by the entirety. Under the provisions of section 689.15, Florida Statutes (1981), when their marriage was dissolved, the parties became tenants in common.
The husband further argues that even if they are tenants in common, the wife has no right of partition at this time because her interest is burdened by the husband's right of possession. Where one spouse has been awarded possession of the marital home as an incident of the other spouse's obligation to support, the nonpossessing spouse cannot obtain partition until the other's right to possession has terminated. Black v. Miller, 219 So.2d 106 (Fla. 3d DCA), cert. denied, 225 So.2d 920 (Fla. 1969); Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253 (1947). The question here, however, is whether the settlement agreement as incorporated into the dissolution judgment gave the husband a continuing right of possession for as long as he wished.
We find this court's previous decision in Hoemke v. Hoemke, 342 So.2d 127 (Fla. 2d DCA 1977), analogous. In that case, a final judgment of dissolution ordered the husband to pay child support and awarded the wife possession of the marital home "until such time as the same is sold." The husband later conveyed to his parents his undivided one-half interest in the home. Twelve and one half months after the date of the dissolution judgment, the parents filed a complaint for partition. On the wife's appeal from a judgment of partition, she contended that she was entitled to remain in possession of the home until the children reached majority, died, married or became self-supporting. In rejecting this argument and affirming partition, we said that "it is clear to us from a reading of the provisions of the final judgment set out above that the trial court intended to award possession of the premises to appellant only `until such time as the same is sold.'" Id. at 128.
We interpret paragraph 7 of the settlement agreement as contemplating that following the dissolution the parties would endeavor to sell the home at a mutually *154 advantageous price and that during the interim the husband was entitled to possession. Upon the failure to effect an agreeable sale within a reasonable time, either party had a right to force a sale through partition. When the property is sold, the husband's right to possession will terminate. We do not read the agreement as giving the husband the right to live in the home for the balance of his life by unilaterally refusing to sell. The ten and one half month period between the entry of the dissolution judgment and the date on which the complaint was filed constituted a reasonable period of time for the parties to try to sell the property.
Our view of the complaint makes it obvious that the wife's position was not frivolous. Thus, the court properly denied the husband's motion for attorney's fees. We reverse the order dismissing the complaint and remand the case for further proceedings consistent with this opinion.
OTT, C.J., and BOARDMAN, J., concur.